■ In the Matter of SOL GOLDMAN INVESTMENTS LLC A/A/F 1700 FIRST AVENUE LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [3 NYS3d 321]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered February 25, 2014, denying the petition to modify respondent's determination, dated February 8, 2013, which granted a major capital improvement rent increase, so as to include engineer consultant fees, and dismissing the proceeding, unanimously reversed, on the law, without costs, the proceeding reinstated, and the petition granted.

Petitioner, an owner of an apartment complex containing two buildings with more than 500 rooms and 150 rent-stabilized apartment units, installed a new boiler and burner, as well as a

water tank for the complex, and sought reimbursement for the $537,358.33 total cost by submitting an application for a major capital improvement (MCI) rent increase to respondent New York State Division of Housing and Community Renewal (DHCR). DHCR granted the MCI rent increase for all costs except consulting fees of $17,900 for the licensed professional engineer petitioner hired to, inter alia, conduct a heating load analysis of the complex, design the new heating system, select the new equipment, solicit and approve contractor bids, obtain all applicable permits, and review and inspect the contractors' work. In denying the inclusion of the engineering consultant fees, DHCR characterized the consultant's work as administrative and supervisory, as well as duplicative of what the contractors would have done. Petitioner challenged the denial as inconsistent with DHCR policy and DHCR's prior determinations as to similar MCI projects.

This case is virtually indistinguishable from *Matter of 2214 64th Street* (NY St Div of Hous & Community Renewal Admin Review [docket Nos. FE-230459-RO et al., July 13, 2000]), in which DHCR approved the owner's MCI application, including professional engineering consulting services, in connection with a similar boiler/burner installation. The consulting engineer's work, like the consulting engineer's work here, involved preparation of drawings and specifications; solicitation of competitive bids from and selection of a contractor; and review of the contractor's work to ensure compliance with drawings and specifications. DHCR's brief does not even address the case, much less offer any attempt to distinguish it. DHCR's claim that the services provided by petitioner's engineer were duplicative of those performed by the contractor finds no support in the record. DHCR did not annex copies of the contractors' bills or invoices to its answer, and so there is nothing to substantiate this assertion. The project involved a boiler/burner installation at a complex of two large buildings containing over 500 rooms and 150 affected apartments. Hence, under these particular circumstances, DHCR's failure to meaningfully explain why it departed from its precedent renders its determination arbitrary and capricious (*Matter of Klein v Levin*, 305 AD2d 316, 317-318 [1st Dept 2003], *lv denied* 100 NY2d 514 [2003]). Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ. ■